IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DELANEY LITTLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:17-cv-01031 |
| | § | |
| SENTERRA LLC, | § | |
| | § | |
| Defendant. | § | [JURY TRIAL DEMANDED] |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

Plaintiff Delaney Little ("Little") files this Original Complaint to recover unpaid overtime wages and related damages from Defendant Senterra LLC ("Senterra" or "Defendant"), and would show unto the Court the following:

**I. NATURE OF SUIT**

1. The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers . . . ." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. 29 U.S.C. §§ 206(a) & 207(a).

2. The overtime requirements of the FLSA serve the purposes of: 1) spreading out employment by placing financial pressure on the employer to hire additional workers rather than employing the same number of workers for longer hours; and 2) compensating employees who work overtime.

3. Defendant has violated the FLSA by failing to pay Little time and one-half for all hours she worked in excess of 40 per work week. Accordingly, Little brings this action to recover unpaid overtime wages and related damages under Section 216(b) of the FLSA.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because it arises under the laws of the United States, specifically under the FLSA, 29 U.S.C. § 201, *et seq.*

5. Little's claims arise under Section 216(b) of the FLSA. 29 U.S.C. § 216(b). In connection with the acts and course of conduct alleged in this complaint, Little engaged in commerce or in the production of goods for commerce. Further, Defendant is an employer that engaged in commerce or in the production of goods for commerce and is, therefore, covered by the FLSA. Additionally, upon information and belief, Defendant had annual gross revenues or business done of at least $500,000 during the period of time for which Little seeks recovery of damages.

6. Venue is proper in the Southern District of Texas – Houston Division because a substantial part of the acts and conduct charged herein occurred in this district.

## III. THE PARTIES

7. Plaintiff Delaney Little is a resident of Austin, Texas. Little was an employee employed by Defendant in Houston, Texas, within the meaning of the FLSA. Little's consent to this action is attached hereto as Exhibit "A."

8. Defendant Senterra is a Texas limited liability company with its principal office in Houston, Texas. Defendant is an "employer" under the FLSA and acted as such in relation to Little. Defendant may be served with process through its registered agent, C T Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## IV. FACTS UNDERLYING THE CLAIMS

9. Little began her employment with Defendant as an Executive Assistant in or about May 2014. She reported directly to David Bruce, Executive Vice President, throughout her employment with the company. Little's employment with Defendant ended when Little resigned on or about August 9, 2016.

10. Defendant compensated Little by paying her on an hourly basis, and by paying her overtime compensation at the rate of one and one-half times her regular hourly rate for hours she recorded in excess of 40 hours during a work week.

11. Notwithstanding the hours she recorded, Little spent considerable time each work week performing compensable work for Defendant "off the clock." Such work included, but was not limited to, sending and replying to work-related e-mails, preparing presentations, working on logos, making and receiving work-related telephone calls, and the like. Little estimates that she spent an average of 12 hours working off the clock each work week in 2014 and 2015, and an average of eight hours working off the clock each work week in 2016.

12. Little performed such off-the-clock work with the knowledge of Mr. Bruce and other representatives of Defendant. Nevertheless, Defendant failed and refused to compensate Little for such off-the-clock work. Little raised the fact that she was working off the clock on multiple occasions with both Celene Buffington, Vice President of HR, and Katherine Polise, HR Manager, to no avail. Indeed, on one occasion when Little complained, Ms. Polise placed her hands over her ears and said, "I don't hear this! I don't hear this!"

13. Given the manner in which Defendant compensated Little (on an hourly basis with overtime compensation for recorded overtime hours), Little was, at all times during her employment with Defendant, a non-exempt employee under the FLSA. As a result, Defendant was required to pay Little overtime compensation for <u>all</u> hours she worked in excess of 40 hours

in a given work week, including those off-the-clock hours she spent performing work on behalf of the company.

14. However, notwithstanding its obligations under the FLSA, Defendant did not compensate Little for all time she worked, entitling Little to unpaid overtime compensation, an equal amount in liquidated damages, and now that she has been forced to retain counsel, attorneys' fees and related expenses/costs for Defendant's violations of the FLSA.

15. Defendant's illegal pattern and practice with respect to overtime compensation for Little was in violation of the FLSA. Defendant knew or should have known that its policies and practices violated the FLSA, and Defendant has not made a good faith effort to comply with the FLSA. Rather, Defendant knowingly, willfully, and/or with reckless disregard carried out this illegal pattern or practice.

## V. CAUSE OF ACTION: VIOLATION OF THE FAIR LABOR STANDARDS ACT

16. Little incorporates herein all allegations contained in paragraphs 1 through 15.

17. Defendant had a statutory obligation to pay Little at the appropriate overtime rate for all hours she worked in excess of 40 during a work week. In her position of Executive Assistant, Little regularly worked in excess of 40 hours per work week during her employment with Defendant, and Defendant was aware that Little was performing such compensable work—and that some of such work was performed off the clock. However, Defendant failed and refused to pay Little for <u>all</u> hours she worked in excess of 40 hours in a given work week, including those off-the-clock hours she spent performing work on behalf of the company. Accordingly, Little is entitled to overtime compensation at the appropriate overtime rate for all hours she worked in excess of 40 in a given work week. *Id.*

18. Little is also entitled to an amount equal to her unpaid wages as liquidated damages, as well as reasonable attorneys' fees and costs/expenses of this action. 29 U.S.C. § 216(b).

## VI. JURY DEMAND

19. Little hereby demands a trial by jury.

## VII. PRAYER

20. WHEREFORE, Little respectfully requests that judgment be entered in her favor, awarding her:

   a. overtime wages for all unpaid hours worked in excess of 40 hours per work week at the appropriate overtime rate;

   b. an equal amount as liquidated damages as allowed under the FLSA;

   c. an injunction against further violations;

   d. reasonable attorneys' fees, costs, and expenses of this action; and

   e. such other and further relief as may be required by law.

Respectfully submitted,

**SHELLIST | LAZARZ | SLOBIN LLP**

By: */s/ Daryl J. Sinkule*
DARYL J. SINKULE
State Bar No. 24037502
Federal ID No. 34842
dsinkule@eeoc.net
TODD SLOBIN
State Bar No. 24002953
Federal ID No. 22701
tslobin@eeoc.net
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

**ATTORNEYS FOR PLAINTIFF
DELANEY LITTLE**