United States District Court
Southern District of Texas
**ENTERED**
January 02, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DELANEY LITTLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-01031 |
| | § | |
| SENTERRA LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND OPINION DENYING MOTION TO STRIKE AND DENYING MOTION FOR SUMMARY JUDGMENT

In this "off-the-clock" Fair Labor Standards Act case, a non-exempt executive assistant to an executive vice president alleges that during the two years she worked, she did not record, or receive overtime compensation for, the hours she spent working outside the office, after the work day and on weekends. (Docket Entry No. 1). After discovery, her employer moved for summary judgment on the grounds that there was no evidence that it "suffered or permitted" the employee to work off the clock; that the employee failed to present sufficient competent evidence to support her claim that she worked approximately 12 hours per workweek off the clock in 2014 and 2015 and 8 hours in 2016; and that the employee failed to present sufficient competent evidence to support a finding that if the employer violated the Fair Labor Standards Act, it did so willfully. (Docket Entry No. 14). The employee responded to the summary judgment motion, and the employer replied. (Docket Entry Nos. 15, 16). The employer also moved to strike portions of the employee's declaration, and the employee responded. (Docket Entry Nos. 17, 18).

Based on a careful consideration of the pleadings; the motions, responses, and replies; the summary judgment record; and the applicable law, the court denies the motion to strike and denies

1

the motion for summary judgment.  The reasons are set out below.

**I.      The Pending Motions**

Delaney Little worked at Global H20 Investments and Senterra LLC as an Executive Assistant and Business Operations Associate between May 12, 2014 and August 9, 2016.  (Docket Entry No. 14 at 8–10).  She was a non-exempt employee, paid on an hourly basis and entitled to overtime pay for hours she worked beyond 40 in a workweek.  *Id.* at 8.  Her immediate supervisor was Executive Vice-President David Bruce.  *Id.*

Little recorded, and was paid for, the hours she worked at the Senterra offices, during regular office hours.  She alleges and presents summary judgment evidence that from the outset, Bruce required her to access her work emails on her personal cell phone.  (Docket Entry No. 15 at 10; Docket Entry No. 15, Ex. 2. at 22–23).  She alleges that his job demands required her to spend many hours working outside the Senterra offices, after the work day and on weekends, and that she did so on a regular basis.  (Docket Entry No. 15 at 10–11; Docket Entry No. 15, Ex. 1, ¶ 9).  Little did not record this time because she did not understand that work away from the office was compensable.  (Docket Entry No. 15, Ex. 1, ¶ 6).  She did not review the section of the Senterra handbook on recording time spent working after the work day, away from the office, and no one from Senterra told her that she was entitled to be paid for this time.  *Id.*  According to Little, she first learned that this was compensable time after working for approximately 18 months, when she talked to her mother about her work load.  *Id.* at ¶ 10.  Her mother was a human resources professional.  *Id.*

Little claims that after this conversation, she complained to the Senterra Human Resources Department on three separate occasions that she was working at home, on a regular basis, without

getting paid for that time. *Id.* at ¶ 11. Little claims, and presents summary judgment evidence that, after the first conversation with the Vice President of Human Resources, she was told that she could not be paid on a salaried basis; after the second conversation, when she again reported that she was working late at home after hours and not "charging" Bruce for those hours, she received no instruction to record the hours; and that after the third conversation, with a Human Resources Manager, the response was "I don't hear this! I don't hear this! Don't tell me this!" *Id.* at ¶ 11–13. Little claims, and presents summary judgment evidence that, besides the complaints she made to Human Resources, Bruce was also aware that she was working long hours on a regular basis from home after hours and on weekends. (Docket Entry No. 15 at 12–13; Docket Entry No. 15, Ex. 1 at ¶ 15). She claims that from the outset, well before she complained to Human Resources, Bruce received the emails and other work she did and sent from her home or car, that he was an active participant in the communications transmitting the work and relating to the work, and that he continued to assign tasks that required hours of extra time to complete. (Docket Entry No. 15, Ex. 1 at ¶ 15; Docket Entry No. 15, Ex. 2 at 44–50; Docket Entry No. 15, Ex. 3 at 28, 30). Bruce also reviewed Little's time sheets, which did not reflect the time he knew she was spending on his work outside the office. (Docket Entry No. 15, Ex. 3 at 21–22).

      Senterra moves for summary judgment on the basis that the competent summary judgment evidence does not support Little's claim that Senterra "suffered or permitted" Little to work off the clock. Senterra points to its employee handbook written policy that prohibited non-exempt employees like Little from working without recording the time, and prohibited incorrectly reporting hours worked. (Docket Entry No. 14, Ex. 4 at 9). Senterra asserts that because Little did not record her hours, and she did not tell Bruce or the Payroll Manager who, with Bruce, reviewed her time

sheets, that she was working extensively and routinely at home after hours and on weekends, that no one at Senterra knew the amount of time she was working off the clock. (Docket Entry No. 14 at 12–13). When Little did record overtime hours, according to Senterra, she was paid for that time at overtime rates. (Docket Entry No 14 at 24).

Senterra asserts that, contrary to Little's position, the emails and other work she sent Bruce from her home or car, after hours and on weekends, did not make him aware that she was regularly working many hours off the clock. (Docket Entry No. 14 at 13–16). Senterra asserts that Bruce was busy managing the operations of Senterra entities, and that he relied on Little to submit accurate timesheets and had no reason to believe that she was underreporting her hours. *Id.* at 14–16. Senterra asserts that the evidence of the emails Little sent to Bruce showed that the amount of work was insufficient to make him aware that she was working long hours each week from home. Senterra relies on the "de minimis" nature of the work to also argue that Little's uncompensated overtime falls within the "de minimis" exception to the Fair Labor Standards Act. *Id.* at 20–22.

Senterra disputes Little's account of her three meetings with Human Resources personnel. Senterra agrees that in these meetings, Little complained about the work demands Bruce imposed, and problems presented by some medical issues and her long commute. *Id.* at 16–18. According to Senterra, when Little complained that she was working from home and that she had to use her personal cell phone to get work emails, Human Resources reminded her of Senterra's policy requiring employees to accurately record all the hours they worked. *Id.* at 17.

Senterra also asserts that Little has not presented competent summary judgment evidence sufficient to show the amount of overtime compensation she was entitled to receive, but did not. *Id.* at 18–19. Senterra points to her admitted failure to take contemporaneous notes and her need to

estimate the number of hours she worked.  *Id.*  Senterra asserts that the law requires more specificity and certainty than she can provide to withstand summary judgment.  *Id.* at 19.

Finally, Senterra claims that even if the claims withstand summary judgment, Little cannot make a sufficient showing of willfulness.  *Id.* at 22–24.

Senterra's motion for summary judgment in part depends on its motion objecting to, and moving to strike, portions of Little's declaration.  (Docket Entry No. 17).  Senterra objects to parts of Little's declaration that it asserts are either inconsistent with her deposition or too conclusory and speculative to be competent summary judgment evidence.  Little disputes both arguments, asserting that there is no conflict between the deposition and the later declaration, and that Little's declaration rests on her personal knowledge and is therefore competent summary judgment evidence.  (Docket Entry No. 18).

## II.     The Applicable Legal Standard

"Summary judgment is required when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"  *Trent v. Wade*, 776 F.3d 368, 376 (5th Cir. 2015) (quoting FED. R. CIV. P. 56(a)).  "A genuine dispute of material fact exists when the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  *Nola Spice Designs, LLC v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)).  "The moving party 'bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact.'"  *Id.* (quoting *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"Where the non-movant bears the burden of proof at trial, the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Id.* (quotation marks omitted); *see also Celotex*, 477 U.S. at 325. Although the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

"Once the moving party [meets its initial burden], the non-moving party must 'go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.'" *Nola Spice*, 783 F.3d at 536 (quoting *EEOC*, 773 F.3d at 694). The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075). In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008); *see also Nola Spice*,

783 F.3d at 536.

## III.  Analysis

The parties do not dispute the law that applies.  They vigorously dispute the facts and the inferences properly drawn from the evidence as to the facts.  Those factual disputes are material to determining whether Senterra is liable for unpaid overtime compensation because it was aware of the off the clock work and accepted it; if so, how much compensation Senterra owes; and whether Senterra willfully committed any Fair Labor Standards Act violation.  These disputes preclude summary judgment.  *Trent*, 776 F.3d at 376; *Nola Spice*, 783 F.3d at 536.

The threshold issue is what the competent summary judgment evidence includes.  Senterra's objections to, and motion to strike, portions of Little's deposition, are denied.  A review of Little's deposition testimony and declaration, and of Little's response to Senterra's objection and motion to strike, shows that Little has sufficiently explained and accounted for any discrepancy.  And a review of the portions of the declaration Senterra challenges as conclusory show that they are sufficiently tied to Little's personal knowledge to be considered as competent summary judgment evidence.  *See* FED. R. CIV. P. 56(c)(4); *see also Meadaa v. K.A.P. Enterprises, L.L.C.*, 756 F.3d 875, 881 (5th Cir. 2014).  Senterra's objections and motion to strike are denied.

The summary judgment evidence reveals factual disputes as to virtually every element of the Fair Labor Standards Act claim.  The parties dispute whether Little was working as many hours away from the office as she claims.  They dispute whether either the amount or type of work she performed and sent to her supervisor, Bruce, was sufficient to make him aware that she was regularly working a significant number of overtime hours that she was not including on her time sheets.  They dispute whether, during the three meetings Little had with Human Resources

personnel, she made them aware that she was regularly working extensive overtime from home that she was not "charging" for. They dispute whether Little can provide sufficient proof of the number of hours she worked from home. And they dispute whether the evidence of Senterra's knowledge of Little's uncompensated overtime work permits a finding that it not only violated the Fair Labor Standards Act, but that it did so willfully. All these disputes require a factfinder to make credibility determinations and to draw inferences from the evidence. Neither can properly be accomplished on summary judgment. *Grogan v. Kumar*, 873 F.3d 273, 279 (5th Cir. 2017) ("It is not the court's role on summary judgment to weigh competing evidence or make credibility determinations.").

## IV.    Conclusion

Senterra's objections and motion to strike, (Docket Entry No. 17), and its motion for summary judgment, (Docket Entry No. 14), are denied.

SIGNED on January 2, 2018, at Houston, Texas.

_____

Lee H. Rosenthal
Chief United States District Judge